UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR SMITH, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:14-CV-1674 RM |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) ) |

OPINION AND ORDER

Oscar Smith, Jr., a *pro se* prisoner, filed a habeas corpus petition trying to challenge 26 prison disciplinary hearings that occurred at the Indiana State Prison from January 27, 2007, to June 2, 2008. Mr. Smith doesn't say whether he appealed any of those proceedings to the final reviewing authority,[1] but under 28 U.S.C. § 2254(a)(2), the court can dismiss a habeas corpus petition on the merits notwithstanding whether he did.

Mr. Smith doesn't deny that he committed any of these 26 violations. Neither does he allege that there were any due process violations during any of these hearings. Rather, he argues that he was suffering from untreated mental illness and shouldn't have been housed at the Indiana State Prison. In effect, Mr. Smith is trying to raise an insanity defense as basis for overturning these prison disciplinary proceedings. This isn't a basis for habeas corpus relief in a prison disciplinary case.

---

[1] "[T]o exhaust a claim [in a prison disciplinary case], and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002).

The Constitution guarantees prisoners very limited procedural due process protections in the context of a prison disciplinary proceeding: (1) 24 hour advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings . . . take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Id., at 561. Thus, "[t]he requirements of due process are considerably relaxed in the setting of prison discipline . . . ." Eads v. Hanks, 280 F.3d 728, 729 (7th Cir. 2002). In this context, "inmates do not [even] have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Neither is there a constitutional right to raise an insanity defense in a prison

disciplinary proceeding. *See* <u>White v. Ind. Parole Bd.</u>, 266 F.3d 759, 768 (7th Cir. 2001) ("<u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by <u>Wolf</u>, which, <u>Baxter</u> held, represents a balance of interests that should not be further adjusted in favor of prisoners.")

For the foregoing reasons, the court DISMISSES this case pursuant to §2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: July  10 , 2014

/s/ Robert L. Miller, Jr.
Judge
United State District Court
